## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN PEREZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HIGHER ONE HOLDINGS, INC., et al.,<br><br>Defendants. | Case No.: 14-cv-755-AWT<br><br>Class Action |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated February 6, 2018 (the "Stipulation"), is made and entered into between the following Settling Parties: (1) Lead Plaintiff Brian Perez and Plaintiff Robert E. Lee ("Plaintiffs"), individually and on behalf of all Settlement Class Members and (2) Defendants Higher One Holdings, Inc. ("Higher One"), Mark Volchek ("Volchek"), Miles Lasater ("Lasater"), Jeffrey Wallace ("Wallace"), and Dean Hatton ("Hatton") (collectively the "Settling Defendants").[1]   The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims asserted in this Action against all named Defendants and former Defendant Patrick McFadden ("McFadden"), subject to the approvals of the Court as set forth herein.

## I.      THE LITIGATION

### A.      Procedural History

On May 27, 2014, Plaintiff Brian Perez filed a securities class action complaint (Dkt. No. 1) in the United States District Court for the District of Connecticut against Higher One,

---

[1] Plaintiffs and the Settling Defendants are referred to herein collectively as the "Settling Parties."

Volchek, Christopher Wolf ("Wolf"), and Wallace, asserting claims under Sections §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) & 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5, alleging that Defendants made material misstatements and omissions between August 7, 2012 and May 12, 2014.

By Order dated December 17, 2014 (Dkt. No. 27), Brian Perez was appointed Lead Plaintiff and Pomerantz LLP was appointed Lead Counsel. On January 21, 2015, Plaintiffs filed the First Amended Complaint (Dkt. No. 32) ("FAC") against Higher One, Volchek, Lasater, Wolf, Wallace, Hatton, and McFadden, asserting claims under Sections §§10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 alleging that Defendants made material misstatements and omissions between August 7, 2012 to August 6, 2014, inclusive.

On April 2, 2015, Defendants Higher One, Volchek, Wolf, and Wallace filed their motion to dismiss the FAC (Dkt. No. 39). On April 21, 2015, Defendants Lasater, Hatton, and McFadden filed their motion to dismiss by way of a joinder (Dkt. No. 48). On July 2, 2015, Plaintiffs filed their opposition (Dkt. No. 52).  On August 21, 2015, Defendants filed a single reply brief (Dkt. No. 57).

On September 14, 2015, Defendants' counsel filed a statement notifying the Court that Defendant McFadden had passed away (Dkt. No. 59). On December 4, 2015, the Court granted Plaintiffs' motion to extend the time to substitute a party until 30 days after the Court issued its ruling on the then-pending motion to dismiss (Dkt. No. 63).

On September 13, 2016, the Court entered identical Orders (Dkt. Nos. 78 and 79) granting Defendants' motion to dismiss the FAC without prejudice.  On October 3, 2016, the Court held a status conference to discuss further potential amendment of the pleadings (Dkt. No.

81).   Thereafter, the Court again extended the deadline for substituting a party for Defendant McFadden (Dkt. No. 84).

On December 1, 2016, Plaintiffs filed their Second Amended Complaint (Dkt. No. 86) (the "SAC"), which alleged, *inter alia*, that: (i) the Defendants made false and/or misleading statements and/or omissions between August 7, 2012 to August 6, 2014, inclusive, regarding Higher One's marketing and disclosure practices, compliance with the Federal Trade Commission Act, and compliance with a previously-issued consent order and settlement obligations, thereby exposing Higher One to large potential civil penalties and restitution obligations, and (ii) partial disclosures and events revealed the truth, thereby injuring Plaintiffs and the Class of investors.  Settling Defendants and Released Parties deny the allegations.

On February 2, 2017, Defendants filed their motion to dismiss the SAC (Dkt. No. 90). On March 21, 2017, Plaintiffs filed their opposition brief (Dkt. No. 99).   On April 10, 2017, Defendants filed their reply brief (Dkt. No. 102).

On September 25, 2017, the Court entered an Order (Dkt. No. 103) granting Defendants' motion to dismiss with respect to a few of the alleged false statements alleged in the SAC but otherwise denying it.

On October 6, 2017, Defendants filed a motion for partial reconsideration of the Court's September 25, 2017 ruling (Dkt. No. 106).  On October 13, 2017, Plaintiffs filed their opposition (Dkt. No. 107).  The motion for partial reconsideration remained pending as of the date on which the parties agreed to settle.

On October 30, 2017, the Court entered an Order (Dkt. No. 115) granting Plaintiffs' unopposed motion to voluntarily dismiss the claims against Defendant McFadden without prejudice and subject to the terms of a Tolling Agreement (Dkt. No. 114-2).

On October 13, 2017, counsel for the parties held their Fed. R. Civ. P. 26(f) conference. Thereafer, they negotiated, drafted,  and filed a joint Rule 26(f) report (Dkt. No. 116), which set forth all milestones necessary to bring the Action to trial.  In accordance therewith, on November 30, 2017, the parties served initial disclosures on one another, while Defendants filed Answers to the SAC on November 29-30, 2017 (Dkt. Nos. 119, 122-126).

On December 14, 2017, counsel for Plaintiffs, Defendants, and Defendants' insurance carriers participated in a full-day mediation before Jed Melnick, Esq. of JAMS mediation services. After subsequent continued negotiations, the Settling Parties reached an agreement to settle this Action, which they memorialized in a Memorandum of Understanding ("MOU") dated December 21, 2017.

### B. Plaintiffs' Assessment of the Claims and Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action are meritorious and are supported by the evidence developed to date, including several confidential witness statements referenced in the SAC.  Additionally, Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants raise can be refuted and overcome.

Nonetheless, Plaintiffs and Lead Counsel recognize the expense and length of any further prosecution of the Action through completion of discovery, trial, and appeals. Plaintiffs and Lead Counsel are also mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, and practical impediments to judgment enforcement. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class Members and that it confers substantial benefits upon Settlement Class Members.  Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### C.    **Defendants' Denials of Wrongdoing**

The Settling Defendants have denied and continue to deny that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to Plaintiffs, or that they have liability as a result of any and all allegations made in the Action.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, the Settling Defendants have concluded that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the Settled Claims be fully and finally settled and terminated in the manner and upon the terms and conditions set forth herein.

## II.    **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

### A.    **Introduction**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Settled Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, subject to the terms and conditions of this Stipulation.

### B.    **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means *Perez v. Higher One Holdings, Inc.*, Case No. 3:14-cv-00755-AWT, pending in the United States District Court for the District of Connecticut.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "CAFA Notice" means the proper notice of the Settlement that counsel for Higher One, on behalf of the Settling Defendants, shall serve upon the United States Attorney General and each State Attorney General, in accordance with the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court. Simultaneously, the Settling Defendants shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

1.3     "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means the firm that will be hired by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit B hereto, arranging for publication of Notice in the form of Exhibit C hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5     "Court" means the United States District Court for the District of Connecticut.

1.6     "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Defendants, the Released Parties, or any of their current or former officers and directors, could have raised in the Action against the Plaintiffs, Lead Counsel, or any Settlement Class Member, whether arising under state, federal, common, or foreign law, including but not limited to those related to or arising from the commencement and prosecution of the Action (except for claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.8      "Escrow Accounts" mean, collectively, the Notice & Administration Account and the Settlement Account.

1.9      "Escrow Agent" means Huntington National Bank.

1.10     "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.11     "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.12     "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.13     "Final," with respect to this Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying a Settlement Class for settlement purposes only, approving the scope of the Releases, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final  are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs or any appeals solely related thereto.

1.14     "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit E or in similar form adopted by the Court.

1.15    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Plaintiffs approved by the Court, and Notice & Administration Costs.

1.16    "Notice" means the Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees And Expenses, and Settlement Fairness Hearing, which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit B.

1.17    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.18    "Notice & Administration Account" means an interest-bearing escrow account that may be used only to pay Notice & Administration Costs.

1.19    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

8

1.20    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.21    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

1.22    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.23    "Publication Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.24    "Released Parties" means Defendants Higher One, Volchek, Lasater, Wallace, Hatton, and Wolf; former Defendant McFadden; Higher One's current and/or former directors, officers, and employees; and Higher One's insurance carrier(s).

1.25    "Releases" means the release of Settled Claims against Released Parties pursuant to ¶¶ 5.0–5.1.

1.26    "Settled Claims" means the Settlement Class Claims and the Defendant Claims.

1.27    "Settlement" means the settlement contemplated by this Stipulation.

1.28    "Settlement Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

9

1.29    "Settlement Amount" means the Settlement consideration being paid by Defendants' insurance carrier in the principal amount of seven million five hundred thousand dollars ($7,500,000.00).

1.30    "Settlement Class" means, for purposes of this Settlement only, all persons or entities who purchased Higher One securities during the Settlement Class Period. Excluded from the Settlement Class are Settling Defendants, Defendant Wolf, and former Defendant McFadden, members of their immediate families, any officer or director of Higher One during the Settlement Class Period, any entity in which any Settling Defendants, Defendant Wolf, or former Defendant McFadden had a controlling or partnership interest during the Settlement Class Period, and the successors, heirs, and assigns of any excluded person and/or entity referenced above. Also excluded from the Settlement Class are those Persons who submit a request for exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe. The Settling Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class.

1.31    "Settlement Class Claims" means any and all claims, both known and Unknown Claims alleged or which could have been alleged by Plaintiffs or Settlement Class Members in the Action against the Settling Defendants or against any other of the Released Parties, arising from or related to  the purchase of Higher One securities during the Settlement Class Period (except for claims to enforce the Settlement), whether arising under state, federal, common, or foreign law.

1.32    "Settlement Class Member" means a person or entity that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a request for exclusion

in accordance with the requirements set forth in the Notice. "Settlement Class Members" means all such Persons.

1.33    "Settlement Class Period" means the period between August 7, 2012 through August 6, 2014, both dates inclusive.

1.34    "Settlement Distribution Order" means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.35    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel (to be distributed by Lead Counsel, in Lead Counsel's discretion, to any other counsel who contributed to the outcome obtained by Plaintiffs for the Settlement Class) for their efforts and any compensatory awards that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.36    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.37    "Settling Defendants" means Defendants Higher One, Volchek, Lasater, Wallace, and Hatton.

1.38    "Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and the Settling Defendants.

1.39    "Taxes" and "Tax Expenses" means: (1) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.10 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.40    "Unknown Claims" means and includes (i) any and all Settlement Class Claims that Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (ii) any and all Defendant Claims that any Settling Defendant or Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to the Settled Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs and the Settling Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all

12

provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and the Settlement Class Members and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

### C.   The Settlement

#### a.   Settlement Amount

2.0     In consideration of the full and final settlement of the Settled Claims, Higher One's insurance carriers shall pay or cause to be paid the Settlement Amount to the Escrow Agent for deposit into the Settlement Fund within fifteen (15) business days after the later of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Higher One's counsel of complete payment instructions and a Form W-9 providing the tax identification number for the Escrow Account.  The Settling Defendants have represented that Higher One has a contract in place with its insurance carrier(s) obligating such carrier(s) to pay the full Settlement Amount as required hereunder.  As such, in no case shall Settling Defendants be responsible for payment of any portion of the Settlement Amount.

2.1     The Settling Defendants' and Released Parties' sole financial obligation to Plaintiffs, the Settlement Class Members and Lead Counsel under this Stipulation shall be as set forth in § 2.0, and under no circumstances shall the Settling Defendants or Higher One's

insurance carriers have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and other Plaintiffs' counsel involved in the Action, and any compensatory award to the Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

> **b.** **The Escrow Agent**

2.2     At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settling Defendants and Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

> **c.** **Handling and Disbursement of Funds by the Escrow Agent**

2.3     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' counsel and Lead Counsel.

14

2.4     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.8 regarding the Notice & Administration Fund, ¶ 2.10 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Once the Settlement and Judgment become Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Settling Defendants or their insurance carriers.

d.     **Notice & Administration Fund**

2.6     Within seven (7) calendar days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice & Administration Fund and may deposit into it up to two hundred seventy-five thousand dollars ($275,000.00) from the Settlement Fund.  The Notice & Administration Fund may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice & Administration Fund shall include such interest.

2.7     Without prior approval from the Court, the Notice & Administration Fund shall be used by the Escrow Agent to pay Notice & Administration Costs. If Notice & Administration Costs exceed two hundred seventy-five thousand dollars ($275,000.00), any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Fund to the Notice & Administration Fund. Any residual monies held in the Notice & Administration Fund upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund.

2.8     In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Fund and Settlement Fund, including interest earned, shall be returned to Settling Defendants' insurance carrier(s), *pro rata* as had been paid by them respectively, per their instructions except for any monies paid for Notice & Administration Costs and Taxes.  Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. Once the Settlement and Judgment become Final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Fund or Settlement Fund to any of the Settling Defendants or their insurance carriers.

2.9     The Notice & Administration Fund shall not be used to pay any portion of the Fee and Expense Award to Lead Counsel.  The Escrow Agent shall maintain a record of all funds disbursed. The Released Parties shall have no obligation to pay any expenses associated with the Notice & Administration Fund. In no event shall the Released Parties be responsible to pay any amount for costs of notice and administration.

        e.     **Taxes**

2.10    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)     The Escrow Agent will, to the extent possible, agree to treat the Notice & Administration Fund and Settlement Fund as "qualified settlement funds" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back

election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice & Administration Fund and Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.10(a)) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Notice & Administration Account and Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

(e)     Settling Defendants, Settling Defendants' counsel, the Released Parties, Plaintiffs, the Settlement Class Members, and Lead Counsel shall have no liability or responsibility for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Settling Defendants, Settling Defendants' counsel, the Released Parties, Plaintiffs, the Settlement Class Members, and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Settling Defendants, Settling Defendants' counsel, the Released Parties, Plaintiffs, the Settlement Class Members nor Lead counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10.  Higher One's counsel agrees to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

f.     **Termination of Settlement**

2.11     The Settling Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Settling Parties within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; (d) Higher One's insurance carrier(s)' failure to timely make any payment of the Settlement Amount to the Escrow Agent for deposit into the Escrow Account, except that Defendants shall not be entitled to terminate the Settlement Agreement for partial payment if all remaining terms of the Settlement Agreement remain valid and enforceable and except that Defendants' termination

right in the event of total nonpayment is contingent upon their providing Plaintiffs and Higher One's insurance carrier(s) with written notice of Higher One's insurance carriers' failure to timely make any payment and the opportunity to cure within thirty (30) days; if the insurance carrier(s) cures by making full payment, with interest accrued, within thirty (30) days, then the termination of the Settlement Agreement is revoked and the Settlement is reinstated as of the date of the payment; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award to Lead Counsel, or compensatory award to Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination.

      2.12    Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Settling Parties within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; (d) Higher One's insurance carrier(s)' failure to timely make full payment of the Settlement Amount to the Escrow Agent for deposit into the Escrow Account, except that Plaintiffs shall also provide Settling Defendants and Higher One's insurance carrier(s) with written notice of Higher One's insurance carriers' failure to timely make full payment and the opportunity to cure within thirty (30) days; if the insurance carrier(s) cures by making full payment, with interest accured, within thirty (30) days, then the termination of the Settlement Agreement is revoked and the Settlement is

reinstated as of the date of the payment; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.13    If, before the Settlement Fairness Hearing, any persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such persons in the aggregate have purchased a number of securities during the Settlement Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Settling Parties, the Settling Defendants, acting collectively and in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute arises among the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

2.14    If (i) the Settling Defendants exercise their right to terminate the Settlement as provided in this Stipulation; or (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation, then:

(a)      The Settlement and the relevant portions of this Stipulation shall be canceled and

terminated without prejudice, and this Stipulation shall be null and void and shall have no further

force or effect (except for ¶¶ 2.8, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.16);

(b)      The Settlement Amount including any interest accrued thereon, less expenses

actually incurred or due and owing for the Notice & Administration Costs pursuant to ¶ 2.7

above, shall be refunded by check or wire transfer in accordance with the instructions to be

provided by counsel for the Settling Defendants; and

(c)      The Settling Parties shall revert to their respective positions in the Action prior to

the execution of the MOU, the execution of the Stipulation, and the entry of any orders pursuant

to the Stipulation.

### D.      Class Certification

3.0      For the sole purpose of this Settlement, the Settling Parties hereby stipulate,

agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P.

23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of

Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this

Stipulation, Plaintiffs, with consent of the Settling Defendants, shall apply to the Court for entry

of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which

will certify the Action to proceed as a class action for settlement purposes only.  The certification

of the Settlement Class shall be binding only with respect to the Settlement and only if the

Judgment becomes Final.

### E.      Preliminary Approval Order

4.0      Promptly after execution of this Stipulation, Lead Counsel and Settling

Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court

and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A)

that will, *inter alia*, (1) grant preliminary approval to the Settlement; (2) certify the Settlement

Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class

substantially in the form of Exhibits B and C hereto, along with provision of a Proof of Claim

and Release Form substantially in the form of Exhibit D; and (4) schedule the Settlement

Fairness Hearing.

4.1     The Notice shall describe the Settlement; the proposed Plan of Allocation; the

requests for a Fee and Expense Award for Lead Counsel, for distribution by Lead Counsel in its

discretion among itself and other Plaintiffs' counsel that were involved in the Action, and a

compensatory award to Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class

Members' rights to opt out, object, or otherwise be heard with regard to these matters; and

Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation

of Settlement, Notice, Proof of Claim and Release Form, and all papers submitted in support

thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2     Within ten (10) business days after the Court enters a Preliminary Approval

Order, Higher One shall assist the Claims Administrator in obtaining, from Higher One's transfer

agent, records of ownership sufficient to identify Settlement Class Members.  The cost, if any,

associated with compiling and/or delivering these records from the transfer agent to the Claims

Administrator shall be payable to the transfer agent from the Settlement Fund. Plaintiffs and the

Claims Administrator agree to maintain this information in confidence and only for the purpose

of administering this settlement.

**F.     Releases**

5.0     The obligations incurred pursuant to this Stipulation shall be in full and final

settlement of the Action as to the Settling Defendants, the Released Parties, and any and all

Settled Claims.

5.1     Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their personal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.

5.2     Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, the Settling Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and every one of the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims. The Settling Parties hereby agree that, to the extent necessary, they shall jointly move for an Order to be entered by the Court that requires Defendant Wolf and former Defendant McFadden, and their heirs, adminstrators, successors, and assigns to be bound by the paragraphs of this § II.F. as if they were signatories hereto, in exchange for the dismissal with prejudice of Defendant Wolf and former Defendant McFadden from the Action.

## G.     <u>Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund</u>

6.0     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1     Settling Defendants and their insurance carriers shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice & Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Plaintiffs to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3     After the effective date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to the Settling Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit D hereto, supported by such documents as are designated

therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release Form, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim.  No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.5    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants.  No Person shall have any claim against Plaintiffs, Lead Counsel, Settling Defendants, Settling Defendants' counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may direct and approve.

6.7     This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Settling Defendants or their insurance carriers.

6.8     Settling Defendants, their insurance carriers, and their respective legal counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (vi) the payment or withholding of any Taxes and Tax Expenses or (vii) any failure of Notice or failure to identify Settlement Class Members pursuant to ¶ 4.2 above.

6.9     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.     Attorneys' Fees and Expenses

7.0     Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion among itself and other Plaintiffs' counsel that were involved in the Action, solely from the Settlement Fund no later than ten (10) business days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of

any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel and any other Plaintiffs' counsel to whom Lead Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Plaintiffs' counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

I.    **Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a) Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b) The Settlement Amount has been paid into the Settlement Fund; and

(c) Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and

none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1    Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Settling Defendants' counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.11 or 2.12 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶¶ 2.3–2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.7 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Settling Defendants' counsel.

8.3    In the event this Settlement is terminated as provided in ¶¶ 2.11 or 2.12, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.8, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.16 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the

Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.11 or 2.12, Plaintiffs, the Settlement Class Members, Lead Counsel, the Claims Administrator, and the  Escrow Agent shall not have any obligation to repay any amounts actually and properly disbursed from the Notice & Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice & Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.2.

### J.     Miscellaneous Provisions

9.0     The Settling Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Settling Defendants with respect to, any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defenses that Settling Defendants have asserted or could assert in the Action or any other action.

9.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)     Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or the Released Parties with respect to the truth of any fact alleged by the

Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Settling Defendants or the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or the Released Parties.

(b)     Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants.

(c)     Against any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Released Parties, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)     Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(e)     Against the Plaintiffs or any Settlement Class Member as evidence of,

or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants, or any other or former Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

(f)      Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the SAC or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)      As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

9.2      The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against the Settling Defendants and their counsel and all Released Parties concerning the Settlement Class Claims and against the Plaintiffs and Settlement Class Members and their counsel by the Settling Defendants concerning the Defendant Claims.  Accordingly, Settling Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Settling Defendants in bad faith or without a reasonable basis.  The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Settling Parties, and each of them, and their respective counsel agree that the

Action was resolved in good faith, following arm's length bargaining, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.3     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Settling Defendants' counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.4     Neither Plaintiffs, the Settlement Class Members, nor the Settling Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Distribution is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.5     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing the Fee and Expense Award to Lead Counsel (including for distribution among any other Plaintiffs' counsel) and enforcing the terms of this Stipulation.

9.6     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed as a waiver by the waiving Settling Party of any other prior or subsequent breaches of this Stipulation or a waiver by any other Settling Party of any breach of this Stipulation.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    Other than the Supplemental Agreement (as described in ¶ 2.13, *supra*), this Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

9.11    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.13     This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.14     The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.15     Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by JAMS mediator Jed Melnick.  If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.16     This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Connecticut and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Connecticut without giving effect to that State's choice of law principles.

9.17     This Stipulation is deemed to have been prepared by counsel for all Settling Parties, as a result of arm's length negotiations among the Settling Parties. Whereas all Settling Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.18     Whenever this Stipulation requires or contemplates that a Settling Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, emailed PDF or similar-format electronic

document, or facsimile transmission with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Counsel, then to: | Matthew L. Tuccillo<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665<br><br>Email:  mltuccillo@pomlaw.com<br><br>*Lead Counsel for Plaintiffs and the Settlement Class* |
| | Joni Jacobsen<br>**DECHERT LLP**<br>35 West Wacker, Suite 3400<br>Chicago, IL 60601<br>Tel: (312) 646-5800<br>Fax: (312) 646-5858<br>Email:  joni.jacobsen@dechert.com<br><br>*Counsel for Defendant Higher One Holdings, Inc.* |
| If to Defendants, then to: | Joseph C. Merschman<br>**WIGGIN AND DANA**<br>One Century Tower<br>265 Church Street<br>P.O. Box 1832<br>New Haven, CT 06508-1832<br>Tel: (203) 498-4323<br>Fax: (203) 782-2889<br>Email:  jmerschman@wiggin.com<br><br>*Counsel for Defendants Mark Volchek, Miles Lasater, Jeffrey Wallace, and Dean Hatton* |

9.19    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

36

9.20    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated February 6, 2018.

Matthew L. Tuccillo
**POMERANTZ LLP**
Jeremy A. Lieberman
Jennifer Banner Sobers
600 Third Avenue, 20th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs and the Settlement Class*

David Kistenbroker
Joni Jacobsen
**DECHERT LLP**
35 West Wacker, Suite 3400
Chicago, IL 60601

*Counsel for Defendant Higher One Holdings, Inc.*

Joseph C. Merschman
**WIGGIN AND DANA**
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832

*Counsel for Defendants Mark Volchek, Miles Lasater, Jeffrey Wallace, and Dean Hatton*

9.20    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated February 6, 2018.

_____

Matthew L. Tuccillo
**POMERANTZ LLP**
Jeremy A. Lieberman
Jennifer Banner Sobers
600 Third Avenue, 20th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs and the Settlement Class*

_____

David Kistenbroker
Joni Jacobsen
**DECHERT LLP**
35 West Wacker, Suite 3400
Chicago, IL 60601

*Counsel for Defendant Higher One Holdings, Inc.*

_____

Joseph C. Merschman
**WIGGIN AND DANA**
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832

*Counsel for Defendants Mark Volchek, Miles Lasater, Jeffrey Wallace, and Dean Hatton*