## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
BRIAN PEREZ, INDIVIDUALLY AND ON :
BEHALF OF ALL OTHERS SIMILARLY   :
SITUATED,                        :
                                 :
     Plaintiff,                  :
                                 :
v.                               :    Civil No. 3:14-cv-755(AWT)
                                 :
HIGHER ONE HOLDINGS, INC., ET    :
AL,                              :
                                 :
     Defendants.                 :
------------------------------- x
```

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this court styled

Perez v. Higher One Holdings, Inc. et al., Case No. 3:14-cv-

00755-AWT (the "Action");

WHEREAS, Lead Plaintiff Brian Perez and Plaintiff Robert E.

Lee ("Plaintiffs") on behalf of themselves and all Settlement

Class Members, and Settling Defendants Higher One Holdings, Inc.

("Higher One"), Mark Volchek, Miles Lasater, Jeffrey Wallace,

and Dean Hatton ("Settling Defendants") (altogether, the

"Settling Parties") have applied under Fed. R. Civ. P. 23(e) for

an order preliminarily approving the Settlement of this Action,

in accordance with a Stipulation of Settlement dated February 6,

2018 (the "Stipulation"), which, together with the Exhibits

annexed thereto, sets forth the terms and conditions for a

proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against all named defendants, including defendant Christopher Wolf ("Wolf") and former defendant Patrick McFadden ("McFadden"), with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the court has read and considered the Stipulation and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The court has reviewed the Stipulation and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Fed. R. Civ. P. 23, the court preliminarily certifies, for purposes of settlement only, the following Settlement Class:  All persons or entities who purchased Higher One Holdings, Inc. securities ("Higher One") between August 7, 2012 through August 6, 2014, both dates inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are:

   a. Persons or entities who submit valid and timely requests for exclusion from the Settlement Class; and

b. Settling Defendants, Defendant Wolf and former Defendant McFadden, members of their immediate families, any officer or director of Higher One during the Settlement Class Period, and any entity in which any Settling Defendant, Defendant Wolf, or Defendant McFadden had a controlling or partnership interest during the Settlement Class Period, and the successors, heirs, and assigns of any excluded persons and entities referenced above.

3. A hearing (the "Settlement Fairness Hearing") shall be held before this court on **July 10, 2018, at 10:00 a.m.**, at the Abraham Ribicoff Federal Building, 450 Main Street, South Courtroom, Hartford, Connecticut 06103, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel (to be distributed by Lead Counsel, in Lead Counsel's discretion, to any other counsel who contributed to the outcome

obtained by Plaintiffs for the Settlement Class) for their efforts and any compensatory awards that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Plaintiffs; and to consider such other matters as the court may deem appropriate.

4. Pursuant to Fed. R. Civ. P. 23(c), the court appoints for settlement purposes only the firm of JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Within ten (10) business days after the court enters a Preliminary Approval Order, Higher One shall assist the Claims Administrator in obtaining, from Higher One's transfer agent, records of ownership sufficient to identify Settlement Class Members;

   b. The court hereby approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice"), and the Proof of Claim and Release Form ("Proof of Claim"),

substantially in the forms annexed to the Settlement Stipulation as Exhibits B and D respectively, and directs that no more than twenty-one (21) days after entry of this Order granting preliminary approval, Lead Counsel, through the Claims Administrator, shall cause a copy of the Notice and Proof of Claim, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.higheronesecuritieslitigation.com;

c. The court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days (21) after entry of this Order granting preliminary approval, Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published once over a national newswire service; and

d. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the court proof of publication of the Publication Notice.

5. Nominees who purchased or acquired Higher One securities for the benefit of another Person during the Settlement

Class Period shall be requested to send the Notice and Proof of Claim and Release Form to such beneficial owners of Higher One securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6. The form and content of the notice program described herein, and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation:

   a. Meet the requirements of Fed. R. Civ. P. 23, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), the Rules of Court, and any other applicable law;

   b. Constitute the best notice practicable to Settlement Class Members under the circumstances of this Action;

    c.  Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class; and

    d.  Is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled thereto.

7. Other than the costs incurred by Defendants (if any) in providing the names and addresses of record holders of Higher One securities during the Settlement Class Period to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of

the Released Parties bear any responsibility for such fees, costs, or expenses.

8. All Settlement Class Members (except Persons who request exclusion pursuant to ¶ 12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release Form in accordance with the instructions contained therein. Unless the court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than **May 26, 2018.** Any Settlement Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the court, but shall nevertheless be bound by any final judgment entered by the court. Notwithstanding

the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

10. The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included therein; (iv) it must be complete and contain no material deletions or modifications of any of

the printed matter contained therein; and (v) it must be signed under penalty of perjury.

11. Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Settlement Class Member may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty-one (21) days before the Settlement Fairness Hearing. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment.  However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Fairness Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member

also submits a valid Proof of Claim and Release Form prior
to the Settlement Fairness Hearing (the "Bar Date").

13. Any Settlement Class Member and any other interested
Person may appear at the Settlement Fairness Hearing in
person or by counsel and be heard, to the extent allowed
by the court, either in support of or in opposition to the
matters to be considered at the hearing, provided,
however, that no Person shall be heard, and no papers,
briefs, or other submissions shall be considered by the
court in connection to such matters, unless no later than
twenty-one (21) days before the Settlement Fairness
Hearing, such Person files with the court a statement of
objection setting forth: (i) whether the person is a
Settlement Class Member; (ii) to which part of the
Stipulation the Settlement Class Member or interested
Person objects; and (iii) the specific reason(s), if any,
for such objection including any legal support the
Settlement Class Member or interested Person wishes to
bring to the court's attention and any evidence the
Settlement Class Member or interested Person wishes to
introduce in support of such objection. Such Settlement
Class Member shall also provide documentation sufficient
to establish the amount of publicly traded Higher One

stock purchased and sold during the Settlement Class

Period, and the prices and dates of such transactions.

Objection materials must be sent to the following:

> LEAD COUNSEL:
>
> Matthew L. Tuccillo
> POMERANTZ LLP
> 600 Third Avenue, 20th Floor
> New York, NY 10016
>
> SETTLING DEFENDANTS' COUNSEL:
>
> Joni Jacobsen
> DECHERT LLP
> 35 West Wacker, Suite 3400
> Chicago, IL 60601
> *Counsel for Defendant Higher One Holdings, Inc.*
>
> Joseph C. Merschman
> WIGGIN AND DANA LLP
> One Century Tower
> 265 Church Street
> P.O. Box 1832
> New Haven, CT 06508-1832
> *Counsel for Defendants Mark Volchek, Miles Lasater,*
> *Jeffrey Wallace, and Dean Hatton*
>
> COURT:
> Office of the Clerk
> United States District Court
> Abraham Ribicoff Federal Building
> 450 Main Street
> Hartford, Connecticut 06103

14. Any member of the Settlement Class who does not make his,

her, or its objection in the manner provided shall be

deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness,

reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the compensatory award, unless otherwise ordered by the court.

15. Attendance at the Settlement Fairness Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or Fee and Expense Application are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any action if they do not oppose any aspect of the Settlement.

16. The court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the Settlement, with such modifications as may be agreed to by

the Settling Parties, if appropriate, without further notice to the Settlement Class.

17. All funds held by the Escrow Agent shall be deemed and considered to be in _custodia_ _legis_ of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved and the court issues the Settlement Fund Distribution Order and until the Order and Final Judgment becomes Final.

18. All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-eight (28) days before the Settlement Fairness Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Fairness Hearing.

19. The Released Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application by Lead Counsel or compensatory awards to the Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. At or after the Settlement Fairness Hearing, the court
    shall determine whether the Plan of Allocation, any Fee
    and Expense Application proposed by Lead Counsel, and any
    compensatory awards sought by Plaintiffs should be
    approved.

21. Except for the obligation to cooperate in the production
    of reasonably available information with respect to the
    identification of Settlement Class Members from Higher
    One's shareholder transfer records, in no event shall the
    Settling Defendants or any of the Released Parties have
    any responsibility for the administration of the
    Settlement, and neither the Settling Defendants nor any of
    the Released Parties shall have any obligation or
    liability to the Plaintiffs, Lead Counsel, or the
    Settlement Class in connection with such administration.

22. All reasonable expenses incurred in identifying and
    notifying Settlement Class Members as well as
    administering the Settlement Fund shall be paid as set
    forth in the Stipulation. In the event the court does not
    approve the Settlement, or it otherwise fails to become
    effective, neither Plaintiffs nor Lead Counsel shall have
    any obligation to repay any amounts actually and properly

incurred or disbursed pursuant to ¶ 2.7 of the
Stipulation.

23. The Settling Defendants have denied, and continue to deny,
any and all allegations and claims asserted in the Action
and have represented that they entered into the Settlement
solely in order to eliminate the burden, expense, and
uncertainties of further litigation. This Order and the
Stipulation, whether the Settlement contemplated by the
Stipulation is consummated or not, and any statement made
or proceedings taken pursuant to them are not, shall not
be deemed to be, and may not be argued to be or offered or
received:

   a. Against any of the Settling Defendants or the
      Released Parties as evidence of, or construed as
      evidence of any presumption, concession, or admission
      by any of the Settling Defendants or the Released
      Parties with respect to the truth of any fact alleged
      by the Plaintiffs in this Action or the validity of
      any claim that has been or could have been asserted
      against any of the Settling Defendants or the
      Released Parties in this Action, or the deficiency of
      any defense that has been or could have been asserted
      in the Action, or of any wrongdoing or liability by

any of the Settling Defendants or the Released
Parties.

b.  Against any of the Settling Defendants or the
Released Parties as evidence of, or construed as
evidence of, any presumption, concession, or
admission of any fault, misrepresentation, or
omission with respect to any statement or written
document approved or made by any of the Settling
Defendants.

c.  Against any of the Settling Defendants, the Released
Parties, the Plaintiffs, or any Settlement Class
Member as evidence of, or construed as evidence of
any presumption, concession, or admission by any of
the Settling Defendants, the Released Parties, the
Plaintiffs, or any Settlement Class Member with
respect to any liability, negligence, fault, or
wrongdoing as against any of the Settling Defendants,
the Released Parties, the Plaintiffs, or any
Settlement Class Member in any other civil, criminal,
or administrative action or proceeding, other than
such proceedings as may be necessary to effectuate
the provisions of this Stipulation, provided,
however, that if this Stipulation is approved by the

court, the Settling Defendants, the Released Parties, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

d. Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

e. Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants, or any other or former Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

f. Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the SAC or the Action or of any

lack of merit to the claims or the Action or of any
bad faith, dilatory motive, or inadequate prosecution
of the claims or the Action;

g.  As evidence of, or construed as evidence of any
presumption, concession, or admission that class
certification is appropriate in this Action, except
for purposes of this Settlement.

24. The Settling Defendants, Released Parties, Plaintiffs,
Settlement Class Members, and each of their counsel may
file the Stipulation and/or the Judgment in any action
that may be brought against them in order to support a
defense or counterclaim based on the principles of res
judicata, collateral estoppel, release, good faith
settlement, judgment bar or reduction or any other theory
of claim preclusion or issue preclusion or similar defense
or counterclaim.

25. All proceedings in the Action are stayed. Pending final
determination of whether the Settlement should be
approved, neither Plaintiffs nor any Settlement Class
Member, either directly, representatively, or in any other
capacity, shall commence or prosecute against any of the
Released Parties any action or proceeding in any court or
tribunal asserting any of the Settlement Class Claims and,

conversely, neither the Settling Defendants nor any of the Released Parties shall, either directly, representatively, or in any other capacity, commence or prosecute against any of the Plaintiffs or the Settlement Class Members any action or proceeding in any court or tribunal asserting any of the Defendant Claims.

26. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

It is so ordered.

Signed this 6th day of March, 2018, at Hartford, Connecticut.


_____/s/ AWT_____
Alvin. W. Thompson
United States District Judge