## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
BRIAN PEREZ, individually and on :
behalf of all others similarly  :
situated,                       :
                                :
     Plaintiffs,                :
                                :
v.                              :   Civil No. 3:14-cv-755 (AWT)
                                :
HIGHER ONE HOLDINGS, MARK       :
VOLCHECK, CHRISTOPHER WOLF,     :
JEFFREY WALLACE, MILES LASATER, :
DEAN HATTON,                    :
                                :
     Defendants.                :
------------------------------- x
```

### ORDER AND FINAL JUDGMENT

A hearing having been held on July 10, 2018, to determine, among other things: (1) whether the terms and conditions of the Stipulation of Settlement dated February 6, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs and the Settlement Class in this Action (the "Settlement"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members;

The court having considered all matters submitted to it at the hearing and otherwise;

It appearing that the Notice substantially in the form approved by the court in the Order Preliminarily Approving

Settlement and Providing For Notice ("Preliminary Approval
Order") was mailed to all reasonably identifiable potential
Settlement Class Members;

It appearing that the Publication Notice substantially in
the form approved by the court in the Preliminary Approval Order
was published in accordance with the Preliminary Approval Order
and the specifications of the court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUGED, AND DECREED THAT:

1.    Unless indicated otherwise, capitalized terms used
herein have the same meanings defined in the Stipulation.

2.    The court has jurisdiction over the subject matter of
the Action, Plaintiffs, all Settlement Class Members, and Higher
One Holdings, Inc. ("Higher One"), Mark Volchek ("Volchek"),
Miles Lasater ("Lasater"), Jeffrey Wallace ("Wallace"), and Dean
Hatton ("Hatton") (collectively, the "Settling Defendants").

3.    In the Preliminary Approval Order the court certified,
for purposes of the Settlement only, the Action is a class
action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of
the Settlement Class consisting of all persons who purchased
Higher One securities between August 7, 2012 through August 6,
2014, both dates inclusive (the "Settlement Class Period").
Excluded from the Settlement Class are the Settling Defendants,
Defendant Christopher Wolf ("Wolf"), and former Defendant
Patrick McFadden ("McFadden"), members of their immediate

2

families, any officer or director of Higher One during the
Settlement Class Period, and any entity in which any Settling
Defendant, Defendant Wolf, or former Defendant McFadden had a
controlling interest during the Settlement Class Period, and the
successors, heirs, and assigns of any excluded persons and
entities referenced above.  Per the terms of the Stipulation,
the Settling Defendants shall assist in identifying the persons
and entities to be excluded from the Settlement Class.

    4.   The court hereby finds that the forms and methods of
notifying the Settlement Class of the Settlement and its terms
and conditions met the requirements of due process and Fed. R.
Civ. P. 23 and Section 21D(a)(7) of the Exchange Act, 15 U.S.C.
§ 78u-4(a)(7), as amended by the Private Securities Litigation
Reform Act of 1995; constituted the best notice practicable
under the circumstances; and constituted due and sufficient
notice to all Persons entitled thereto of these proceedings and
the matters set forth herein, including the Settlement and Plan
of Allocation.  No Settlement Class Member is relieved from the
terms of the Settlement, including the releases provided for
therein, based upon the contention or proof that such Settlement
Class Member failed to receive actual or adequate notice.  A
full opportunity has been offered to the Settlement Class
Members to object to the proposed Settlement and to participate
in the hearing thereon.  The court further finds that the notice

provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

5.   The Settlement, whereby Settling Defendants shall cause to be paid per the terms of the Stipulation an aggregate of seven million five hundred thousand dollars ($7,500,000.00) is approved as fair, reasonable, and adequate and in the best interests of the Settlement Class.  Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.   This Action is dismissed with prejudice as to the Settling Defendants, Defendant Wolf, and former Defendant McFadden.

7.   Plaintiffs and the Settlement Class Members hereby release and forever discharge the Settling Defendants and Released Parties from any and all Settlement Class Claims, whether or not such Plaintiff or Settlement Class Member returns the Proof of Claim or shares in the Settlement Fund.  Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settlement Class Claims against the Settling Defendants and the Released Parties,

4

as set forth in the Stipulation.  For purposes of this Order and
Final Judgment:

    a. "Settlement Class Claims" means any and all
      claims, both known and Unknown Claims, alleged or
      which could have been alleged by Plaintiffs or
      Settlement Class Members in the Action against
      the Settling Defendants or against any other of
      the Released Parties, arising from the purchase
      of Higher One securities during the Settlement
      Class Period (except for claims to enforce the
      Settlement), whether arising under state,
      federal, common, or foreign law.

    b. "Released Parties" means each and every one of
      the following:  (a) Higher One, (b) Volchek, (c)
      Lasater, (d) Wallace, (e) Hatton, (f) Wolf, (g)
      McFadden, and (h) all other current and/or former
      directors, officers, and employees of Higher One.

  8. Each of the Settling Defendants and the Released
Parties, including, without limitation, Wolf and McFadden, and
any and all of his/her/its personal representatives, heirs,
executors, administrators, successors and assigns, hereby
releases and forever discharges any and all Defendants Claims
against the Plaintiffs or any Settlement Class Member, and any

of their counsel including Lead Counsel.  For purposes of this Order and Final Judgment:

       a.   "Defendants Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Defendants, or any of their current or former officers and directors, could have raised in the Action against the Plaintiffs, Lead Counsel, or any Settlement Class Member, including, without limitation, those related to or arising from the commencement and prosecution of the Action (except for claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

9.   **Bar Order**:  All Persons are barred from commencing, prosecuting, or asserting any Barred Claims (as defined below). All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable.  If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim.  For purposes of this Order and Final Judgment:

a.   "Barred Claim" means any claim, if any, however
styled, whether for indemnification,
contribution, or otherwise and whether arising
under state, federal, or common law, against the
Settling Defendants or Released Parties
(including claims asserted by Released Parties
against other Released Parties) where the claim
is or arises from a Settled Claim and the alleged
injury to such Person arises from that Person's
alleged liability to the Settlement Class or any
Settlement Class Member, including any claim in
which a Person seeks to recover from any of the
Released Parties (i) any amounts such person or
entity has or might become liable to pay to the
Settlement Class or any Settlement Class Member
and/or (ii) any costs, expenses, or attorneys'
fees from defending any claim by the Settlement
Class or any Settlement Class Member.

10.   Notwithstanding the foregoing, nothing in this Order
and Final Judgment:

a.   Will bar the Released Parties from pursuing
claims that are outside the scope of or
independent of the Settled Claims, including,
without limitation, any claim that any Released

7

Party may have for indemnification related to costs and expenses incurred in conjunction with the Action; or

b.  Will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Settled Claims.

11.  Plaintiffs' counsel are awarded attorneys' fees in the amount of $2,250,000.00, and expenses in the amount of $55,713.50, such amounts to be paid from out of the Settlement Fund ten (10) calendar days following the entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precluding the Effective Date from

occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

12.  Plaintiffs are each awarded the sum of $1,500.00, as reasonable costs and expenses directly relating to the representation of the Settlement Class, as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

13.  The court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

14.  The court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

15.  Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents, or proceedings connected with them shall be deemed to be, or be, argued to be offered or received:

> a.  Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or the Released Parties with respect to the truth of

any fact alleged by the Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Settling Defendants or the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or the Released Parties;

b.   Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants or the Released Parties;

c.   Against any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing

as against any of the Settling Defendants, the
Released Parties, the Plaintiffs, or any
Settlement Class Member in any other civil,
criminal, or administrative action or proceeding,
other than such proceedings as may be necessary
to effectuate the provisions of this Stipulation,
provided, however, that if this Stipulation is
approved by the court, the Settling Defendants,
the Released Parties, the Plaintiffs, and any
Settlement Class Member may refer to it to
effectuate the liability protection granted them
hereunder;

d.   Against any of the Settling Defendants or the
Released Parties as evidence of, or construed as
evidence of, any presumption, concession, or
admission by any of them that the Settlement
Amount represents the amount that could or would
have been received after trial of the Action
against them;

e.   Against the Plaintiffs or any Settlement Class
Member as evidence of, or construed as evidence
of, any presumption, concession, or admission by
any of the Plaintiffs or any Settlement Class
Member that any of their claims are without

merit, or that any defenses asserted by the
Settling Defendants, or any other or former
Defendants in the Action have any merit, or that
damages recoverable in the Action would not have
exceeded the Settlement Fund;

f.    Against the Plaintiffs or any Settlement Class
Member or Lead Counsel as evidence of, or
construed as evidence of, any infirmity of the
claims alleged by the Plaintiffs in the SAC or
the Action or of any lack of merit to the claims
or the Action or of any bad faith, dilatory
motive, or inadequate prosecution of the claims
or the Action; or

g.    As evidence of, or construed as evidence of, any
presumption, concession, or admission that class
certification is appropriate in this Action,
except for purposes of this Settlement.

16.   Notwithstanding the foregoing Paragraph 15, the
Settling Parties and other Released Parties may file or refer to
this Order and Final Judgment, the Stipulation, Preliminary
Approval Order, and/or any Proof of Claim Form: (a) to
effectuate the liability protections granted hereunder or
thereunder, including, without limitation, to support a defense
or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17. Exclusive jurisdiction is hereby retained over the Settling Parties and the other Defendants and former Defendants being released in conjunction with the Settlement for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18. Without further order of the court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

20. The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the

13

Attorneys' Fees and Expenses awarded herein, the compensatory award to Plaintiffs, or the Plan of Allocation.

21.   In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in ¶¶ 2.14 and 8.3 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in ¶ 26 thereof, and this Order and Final Judgment, except for ¶¶ 14 and 20-22, shall be rendered null and void and of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and all Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

22.   In the event the Settlement and Judgment do not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the

Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Fund, including interest earned, shall be returned to Settling Defendants' insurance carrier(s) who paid such monies into the Settlement Fund, *pro rata* as had been paid by them respectively, per their instructions except for any monies paid for Notice & Administration Costs and Taxes.  Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.

23.  Any court orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

It is so ordered.

Signed this 10th day of July, 2018, at Hartford, Connecticut.


___/s/ AWT_____
Alvin W. Thompson
United States District Judge